IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOHARI BRAIMAH, | ) | CASE NO. 4:18-cv-665 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

*Pro se* Petitioner Bohari Braimah, a Ghanaian who had been ordered removed by an Immigration Judge in February 2017, initiated this habeas proceeding pursuant to 28 U.S.C. § 2241 challenging his continuing detention despite his ordered removal. Doc. 1. After he filed his Petition, Braimah was removed from the United States.

Following Braimah's removal, Respondent U.S. Immigration and Customs Enforcement ("ICE") moved to dismiss the Petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the case is now moot. Doc. 7-7, p. 1. The motion to dismiss is unopposed. For the reasons set forth herein, the undersigned recommends that Respondents' Motion to Dismiss (Doc. 7) be GRANTED.

**I.**

On March 22, 2018, Braimah filed his Petition claiming that his continued detention was unlawful. Doc. 1. He explains that an Immigration Judge ordered him to be removed on February 8, 2017, and that he appealed this order and his appeal was dismissed on July 21, 2017. Doc. 1, p. 5; see also Doc. 7-2, p. 1, ¶4. He states that, per INA § 241(a) (8 U.S.C. § 1231(a)), he should have been released within 90 days and requests that he be released. Doc. 1, pp. 6-8. On

1

June 29, 2018, Respondent filed a Motion to Dismiss wherein it states that Braimah was removed from the United States on June 19, 2018, and that, as a result, his claims are now moot. Doc. 7-1, p. 1; 7-2, p. 1, ¶5 (Declaration of Thomas Koval, ICE Deportation Officer).

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this "case or controversy" requirement, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" throughout the pendency of the litigation. *Id*. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. Mc Cormack*, 395 U.S. 486, 496 (1969); *see also Cooey v. Strickland*, 588 F.3d 924, 926 (6th Cir. 2009). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (citations omitted).

A district court lacks jurisdiction over a habeas petition if the petitioner is not in government custody. *Lane v. Williams*, 455 U.S. 624, 633 (1982); *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). A petitioner's release from custody generally renders his habeas petition moot. *Lane*, 455 U.S. at 632. In exceptional cases, a petition may escape mootness if the released petitioner can show that he will likely suffer some future collateral consequence stemming from his detention, or that the case is "capable of repetition, yet evading review." *Id*. at 632–633.

Here, Braimah has been released from government custody and he has not alleged that he will suffer any collateral consequences because of his detention or that his case is capable of

repetition yet evading review. Accordingly, this case no longer presents a live case or controversy, rendering it moot, and the Court lacks jurisdiction over Braimah's Petition.

## II.

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondents' Motion to Dismiss (Doc. 7) and dismiss this case with prejudice.

August 14, 2018

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).